## LUGO v. FLORIDA HIGH SCHOOL ACTIVITIES ASSN.
### No. 81-15622-CA03
Circuit Court, Dade County
November 13, 1981

W. Sam Holland, Kimbrell, Hamann, Jennings, et al., for plaintiff.

Harry C. Duncan, Clayton, Duncan, Johnston, Quincey, et al. and Richard P. Cole and John Patrick Joy of Walton Lantaff, et al., for defendant.

STUART M. SIMONS, Circuit Judge.

THIS CAUSE came before the Court on plaintiff, JOHN LUGO's Petition for Declaratory and Injunctive Relief. Plaintiff, JOHN LUGO, sought a declaration that he was entitled to participate in interscholastic football under the eligibility rules of defendant, FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., (hereinafter FHSAA). Additionally, plaintiff sought preliminary and permanent injunctions to require defendant, FHSAA, to permit plaintiff to participate in interscholastic football during the 1981 football season and to prohibit FHSAA from preventing such participation.

In determining whether plaintiff was entitled to the relief sought, this Court did not conduct a trial de novo. Rather, the Court reviewed the

decision of the FHSAA as if the Court was sitting in an appellate capacity in order to determine whether the FHSAA accorded plaintiff procedural due process, and, if so, whether the FHSAA's decision was supported by substantial competent evidence.

The record before the Court was comprised of documentation submitted on behalf of JOHN LUGO to the FHSAA at the time it made its ruling on plaintiff's petition to participate in interscholastic high school football. That documentation included letters of recommendation and affidavits. Additionally, the record herein included the transcripts from the two hearings before the FHSAA, at which plaintiff, JOHN LUGO, presented the sworn testimony of witnesses in support of his petition for eligibility. This Court also had before it a copy of the rules of the FHSAA in effect at the time plaintiff was declared ineligible, together with an affidavit setting forth the purposes of the FHSAA rules. Based on this Court's review of the record, the following facts are found.

JOHN LUGO entered the tenth grade at Southwest Miami High School in January, 1978, at the age of fifteen. Under FHSAA Rule 19-5-1, JOHN LUGO was eligible to participate in high school football for three consecutive years after he entered the tenth grade, or through January of 1981. The plaintiff did participate in interscholastic high school football during his junior year. While attending high school, JOHN LUGO worked part-time (approximately 28 hours per week at minimum wage) to help support his family. JOHN's parents were experiencing financial and marital difficulties as a result of the injuries and disability sustained by JOHN's father in an automobile accident.

Plaintiff withdrew from Southwest Miami High School during his junior year in February, 1980, and enlisted in the United States Army. At the hearings before the Executive Committee of the FHSAA, plaintiff asserted that he entered the Service to help his parents, and that he sent nearly his entire paycheck of $250.00 per month home to his parents. After serving nine months in the Army, JOHN LUGO re-entered Southwest Miami High School in January, 1981, as a second semester junior and commenced part-time employment again while attending school.

Upon re-entering high school, JOHN LUGO desired to compete in interscholastic football. However, the plaintiff was declared ineligible by FHSAA under the "three year rule" incorporated in Rule 19-5-1.

JOHN LUGO's Principal, at Southwest Miami High School, initiated a petition, pursuant to FHSAA rules, to have the three year rule waived. Rule 20-1-1 provides:

"The Executive Committee shall have authority to set aside any eligibility rule except the age limit upon individual students when, in its opinion, the rules work an undue hardship upon the student."

Further explanation as to what constitutes an "undue hardship" is contained in Rule 20-2-5 which provides:

"The fact that a student fails to pass the required number of courses, withdraws from school, is retained or repeats his/her school work, is not sufficient grounds for a favorable decision on undue hardship cases. However, serious injury or prolonged illness supported by doctors certificate, which causes a student to miss school for a protracted period of time or other conditions which are beyond the control of the student are considered to be valid reasons for requesting an undue hardship case."

Plantiff petitioned the Executive Committee of FHSAA for an undue hardship waiver at two separate hearings. The Committee heard the sworn testimony of witnesses and reviewed the documentation submitted to it on plaintiff's behalf. After considering plaintiff's petition, the Executive Committee notified the Principal of Southwest Miami High School that JOHN LUGO's request for a hardship exemption was denied because, in the opinion of the Committee, the circumstances causing his ineligibilty were not beyond his control.

In support of his petition for relief in this Court, plaintiff, JOHN LUGO, alleged that he was denied procedureal due process of law by the FHSAA in their consideration of his petition for an "undue hardship" exemption from the eligibilty rules. Plaintiff also alleged that the decision of FHSAA, denying his petition for a hardship waiver, was not supported by substantial competent evidence in the record.

Based on the Court's review of the record before it, the memoranda submitted by counsel, and oral arguments herein, this Court makes the following findings:

1. FHSAA afforded plaintiff, JOHN LUGO, procedural due process of law in the consideration of his hardship petition by providing plaintiff with Notice, an opportunity to present evidence on his behalf at the hearings, and advising plaintiff of the reason for the denial of his petition, to-wit: that the circumstances causing plaintiff's ineligibility were not beyond his control.

2. The decision of the Executive Committee of FHSAA that the plaintiff was not entitled to an undue hardship exemption because the circumstances causing his ineligibility were not beyond his control, is supported by substantial competent evidence in the record.

THEREFORE, it is hereby ORDERED and ADJUDGED that plaintiff, JOHN LUGO's Petition for Declaratory and Injunctive Relief be and the same is hereby dismissed with prejudice and FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, INC. shall go hence without day.